**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**BANNER GROUP CORP.,**

    **Plaintiff,**

**-vs-**                **Case No. 6:06-cv-706-Orl-22KRS**

**UNITED STATES OF AMERICA and DR.
THOMAS R. MEGAR,**

    **Defendants.**

**-vs-**

**BANNER GROUP CORP., DAMARK
INVESTMENTS, GAIL NAIMO,
PATRICIA GRAVELL, RALPH
GRAVELL, NANCY ANN FLANIGAN
MEGAR, AND WORLD SAVINGS BANK,
RSB,**

    **Counter/Cross-Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

  Damark Investments, Inc. (Damark) is a party who filed an answer to a cross-claim in this case through its counsel. Doc. No. 24. On January 17, 2007, counsel for Damark advised the Court that he is ill, and he moved to withdraw from the case. Doc. No. 50. In the motion, counsel stated that Damark requested thirty days to obtain new counsel. *Id.* Further litigation ensued regarding representation of Damark. *See* Doc. Nos. 53, 54, 55, 56, 57, 58, 60, 65, 67.

In an order dated February 28, 2007, I required Damark to retain substitute counsel who is a member of the bar of this Court and to have the attorney file a notice of appearance on its behalf on or before March 16, 2007. The order was served on Damark. In the order, I cautioned Damark that failure to comply with my order might subject it to sanctions, including entry of a default against it. Doc. No. 66. As of the writing of this Report and Recommendation, no attorney has entered an appearance as counsel for Damark as required by my order.

Federal Rule of Civil Procedure 16(f) provides that if a party fails to obey a pretrial order, the judge may on her own initiative make such orders with regard thereto as are just, including any of the orders provided for in Federal Rule of Civil Procedure 37(b)(2)(B), (C), or (D). Rule 37(b)(2)(C) permits the Court to strike out pleadings and enter default against a disobedient party.

As reflected in the record, current counsel for Damark is unable to continue to represent the corporation. Under the local rules of this Court, a corporation cannot appear and be heard except through counsel of record. M.D. Fla. L.R. 2.03(e). Damark has had ample notice of the request to withdraw by its attorney, and ample opportunity to retain new counsel, yet it has not caused a substitute attorney to enter an appearance on its behalf. Accordingly, it appears that Damark has abandoned its interest in defending this case.

Accordingly, I respectfully recommend that the Court do the following:

(1)   Enter an order striking Damark's answer, doc. no. 24;

(2)   Direct the Clerk of Court to enter a default against Damark; and

(3)   Permit Richard Cook, Esq., and Martin Pedata, Esq., to withdraw as counsel for Damark.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Damark Investments, Inc., P.O. Box CB-10988, Nassau, Bahamas.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 20, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy