# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BANNER GROUP CORP.,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:06-cv-706-Orl-22KRS**

**UNITED STATES OF AMERICA and DR. THOMAS R. MEGAR,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ATTORNEYS' FEES (Doc. No. 113)**
>
> **FILED:** **May 23, 2008**

**I. PROCEDURAL HISTORY.**

Banner Group Corporation ("Banner") filed a quiet title complaint in state court against the United States of America, Dr. Thomas Megar, and unnamed others who may have interest in certain real property in Volusia County, Florida (hereinafter the "Property"). Doc. No. 2. The United States removed the case to this Court. Doc. No. 1.

Thereafter, the United States filed an answer and counterclaims and crossclaims against Banner, Nancy Ann Flanigan-Megar as the personal representative of Dr. Megar, World Savings Bank,

FSB ("WSB"),[1] and others not relevant to the matter at issue in this order as counterclaim and crossclaim defendants. Doc. No. 11. The United States alleged that it had filed tax liens against Dr. Megar arising from unpaid income taxes. It further alleged that Banner owned the Property as a nominee of Dr. Megar and, as such, the United States had a right to collect those tax liens by foreclosing on the Property. The United States joined WSB because it held a mortgage interest against the Property. *Id.* ¶ 7. It asked that the Court order the sale of the Property "and that the proceeds from that sale be distributed in accordance with the Court's findings concerning the validity and priority of the parties' respective interests." *Id.* at 8. WSB answered the complaint through its counsel. Doc. No. 19.

Thereafter, counsel for the United States and WSB attempted to arrive at a stipulation regarding WSB's interest in the Property. WSB proposed a stipulation in which the United States would agree that WSB's claim was superior to that of the United States, *and* that WSB's mortgage must be satisfied prior to the sale of the Property or that the Property must be sold subject to WSB's mortgage. Doc. No. 113-2. The United States did not agree to WSB's proposed stipulation. However, on July 27, 2007, the United States stipulated that WSB held a valid first mortgage on the Property that was superior to the federal tax liens of the United States. Doc. No. 88, Ex. A.

On September 20, 2007, WSB filed a motion for summary judgment, which it later amended, seeking an order "that either (1) its mortgage must be satisfied prior to any foreclosure sale to satisfy the United States' tax liens or (2) any foreclosure sale to satisfy the United States' tax liens must be subject to [WSB's] superior mortgage interest." Doc. No. 88 at 2; Doc. No. 89. WSB admitted in its

---

[1] Crossclaim Defendant World Savings Bank, FSB is now known as Wachovia Mortgage FSB.

motion that "the value of the Property substantially exceeds the amount due under the Mortgage . . . ." Doc. No. 89 at 4. Nevertheless, WSB argued that the requested order was necessary to protect its interest in the Property because the proceeds from the sale might not be sufficient to pay the amount due to WSB in full. *Id.* at 9.

In response to the motion, the United States argued, among other things, that WSB's motion was premature because the Court would necessarily have to approve the foreclosure sale, which would be the appropriate time for WSB to file an objection to the sale if the sales price would be insufficient to repay the amount owed to WSB in full. Doc. No. 93 at 8. The Court denied the motion for summary judgment, finding that WSB would be adequately protected by satisfaction of its mortgage from the proceeds of the foreclosure sale. Doc. No. 94. Thereafter, the parties prepared the case for trial.

On March 14, 2008, the parties submitted a consent motion for entry of a foreclosure judgment and order of sale of the Property. Doc. No. 105. The parties submitted an agreed proposed order that prohibited the Untied States, through the IRS, from setting a minimum bid for the property "at an amount less than the amount of monies necessary to pay, in full, the debt due [WSB], including its claim for attorney's fees . . . ." Doc. No. 105-4 ¶ 6.

The Court entered the proposed orders. Doc. Nos. 107, 108. Thereafter, WSB filed the present motion for attorneys' fees. Doc. No. 109. The United States filed a response to the motion. Doc. No. 118. It does not challenge WSB's entitlement to attorneys' fees. However, it argues that attorneys' fees should not be awarded for most of the time worked after the United States filed its July 27, 2007, because that work was not necessary to protect WSB's interest in the Property. Doc. No. 118.

**III. ANALYSIS.**

*A. Entitlement to Attorneys' Fees.*

WSB's entitlement to an award of attorneys' fees arises from the terms of a Mortgage dated December 22, 2000 to borrowers Banner Group Corporation, Ralph Gravell, and Patricia Gravell.[2] In pertinent part, paragraph 7 of the Mortgage provides:

> If . . . (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property . . . then Lender may do and pay for whatever is necessary to protect the Lender's rights in the Property. Lender's actions may include appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. . . .

Accordingly, by the terms of the Mortgage, WSB is entitled to an award of the reasonable attorneys' fees that it necessarily incurred to protect its interest in the Property.

WSB was joined in the case by the United States, and thus was required to participate in the litigation. The United States does not contend that the work performed by WSB's counsel before July 27, 2007, was not necessary to protect WSB's rights in the Property.

The United States does contend that there is no basis for an award of attorneys' fees for most of the time worked by WSB's counsel after July 27, 2007, when the United States stipulated that WSB's interest in the Property was superior to the federal tax liens. Doc. No. 118 at 6. This argument is well taken. WSB's arguments in the motion for summary judgment concerning its fear that the Property would be sold for less than the amount owed to WSB were, at best, premature. Under 28 U.S.C. § 2001, any sale would be subject to confirmation by the Court, at

---

[2] Counsel for WSB failed to allege any statutory or contractual basis for an award of attorney's fees. *See* Doc. No. 113. The United States' response to the motion sets forth the provisions of the Mortgage that provide the basis for WSB's claim. *See* Doc. No. 118.

which time WSB could have objected if the sales price was insufficient to repay the amount owed to it in full.  Moreover, WSB presented nothing in its motion for summary judgment, other than speculation, to support its contention that sale of the Property without certain safeguards would likely result in WSB not receiving full repayment of the monies owed to it. Therefore, the work performed in connection with preparing and filing the motion for summary judgment was not "necessary to protect [WSB's] rights in the Property."

Nevertheless, counsel for WSB ultimately negotiated a settlement that protected WSB's interest by requiring that the United States set a minimum bid at the auction in the amount owed by WSB, including attorneys' fees and costs.  Until that settlement was reached, WSB was required to comply with the orders of the Court, including attending mediation, filing required documents, and preparing for trial.  Therefore, WSB is entitled to reasonable attorneys' fees and costs incurred after July 27, 2007, to the extent that the work related to settlement negotiations, Court-ordered mediation, and required disclosures and filings.  Similarly, time worked on consideration of whether it would be appropriate to file a motion to bifurcate so that WSB did not have to incur the cost of attending the trial regarding the nominee status of Banner and other parties was reasonable in an effort to reduce the attorneys' fees expended in litigation.

    B.    *Amount of Reasonable Attorneys' Fees.*

The Mortgage provides that it is governed by federal law.  Doc. No. 118-2 at 4.  Federal law uses the lodestar approach for calculating attorneys' fees, which requires the court to multiply a reasonable hourly rate by the reasonable number of hours expended to reach the lodestar figure.

1. <u>Reasonable Hourly Rate.</u>

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating additional factors to consider). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)(quoting *Norman*, 836 F.2d at 1303).

Counsel for WSB, Daniel Johnson, avers the following about the attorneys who performed work in this case:

- Sylvia H. Walbolt is a graduate of the University of Florida College of Law.  She has practiced law for approximately 40 years.  Johnson Aff., doc. no. 113-5 ¶ 4(D).  Her practice has focused on appellate litigation for a number of years.  Johnson seeks $605.00 per hour for Walbolt's work.  *Id.* ¶ 3(table).

- Hywel Leonard provided consultation in the case concerning the priority issues between WSB and the IRS and how best to protect WSB's position during foreclosure.  Johnson avers Leonard has practiced law for over 30 years, been licensed to practice in Florida since 1980, and holds an LLB from the University of Wales and a JD from Florida State University.  Leonard also has an "AV" rating from Martindale-Hubbell and has experience handling a wide variety of cases involving creditors' rights and commercial litigation.  *Id.* ¶ 4(C).  Johnson seeks an hourly rate of $455.00 per hour for Leonard.  *Id.* ¶ 3 (table).

- Daniel C. Johnson was the lead attorney in the matter and is a 1985 graduate of Cornell University Law School.  He has an "AV" peer rating by Martindale-Hubbell, and has been admitted to practice before this Court and other courts for nearly 23 years.  He further avers he has significant creditors' rights, commercial, and business tort litigation experience.  Johnson Aff. ¶ 4(A).  Johnson seeks an hourly rate of $433.00.  *Id.* ¶ 3 (table).

- Philip A. Diamond provided consultation in the case with respect to issues involving the IRS.  Mr. Johnson avers Diamond has practiced law for nearly 25

> years and has extensive experience in tax matters. *Id.* ¶ 4(F). Johnson seeks an hourly rate of $355.00 per hour for Diamond. *Id.* ¶ 3 (table).

- Gary Johnson has practiced law for 30 years in the area of real estate. *Id.* ¶ 4(E). Johnson seeks $222.00 for Gary Johnson's work. *Id.* ¶ 3 (table).

- Karen Persis is an associate attorney admitted in Florida since 2004. Johnson avers she has experience involving commercial litigation. Johnson seeks an hourly rate of $220.00 per hour for Persis. *Id.* ¶ 3 (table).

WSB submitted the Declaration of Michael L. Gore in support of its requests for an award of attorneys' fees. Doc. No. 113-10 (Gore Decl.). Gore attests that he received his J.D. degree from the University of Florida College of Law in 1984. He has been licensed to practice in Florida since his graduation from law school. *Id.* ¶ 2. He has practiced primarily in the filed of commercial litigation with particular emphasis on complex commercial litigation including suits involving creditors rights. *Id.* ¶ 4. He is a partner with the law firm of Shutts & Bowen, LLP, where he works within the Business Litigation Group in the Orlando office. *Id.* ¶ 5. Gore spoke to Mr. Johnson and reviewed counsel's files, the Court file, and the billing invoices. *Id.* ¶ 7.

Gore avers that he is familiar with the rates customarily charged by attorneys in Orange County, Florida who practice before this Court. *Id.* ¶ 9. He is also personally familiar with Daniel Johnson's work. *Id.* ¶ 10. Gore opined that the hourly rates sought by Daniel Johnson and Hywel Leonard "are on the high end of the scale of what is typically charged in this jurisdiction," but he did not reduce the hourly rates because the majority of the tasks were appropriately delegated to an associate. *Id.* ¶ 16. Accordingly, Gore opined that the reasonable hourly rate for counsel is $400.00 to $455.00 for Daniel Johnson, $420.00 to $485.00 for Hywel Leonard, and $220.00 for

Karen Persis. *Id.* ¶ 13. He did not recommend an award of attorneys' fees for other attorneys who provided limited assistance to the primary attorneys representing WSB. *Id.* ¶ 15.

The United States did not object to the hourly rates sought by counsel.

In light of Gore's declaration, and in the absence of objection, I find that the blended hourly rates[3] sought for the work of Daniel Johnson and Hywel Leonard are reasonable. I further find that the hourly rate sought for the work of Karen L. Persis is also reasonable, in the absence of objection. The information before the Court is insufficient to support the hourly rates sought for work by Sylvia H. Walbolt, Philip H. Diamond, and Gary Johnson. I concur with Gore's recommendation that the Court award no fees for the work performed by these attorneys. Therefore, it is not necessary for the Court to seek further information to establish the reasonable hourly rates of these attorneys.

### 2. Reasonable Number of Hours.

An attorney's averment that he or she actually work the time recorded is "evidence of considerable weight on the issue of the time required in the usual case." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). However, an attorney's affidavit does not relieve the court of its duty to award only reasonable fees. *See Hensley*, 461 U.S. at 434, *City of Riverside v. Rivera*, 477 U.S. 561, 570 & n.4 (1986)(plurality).

---

[3] Gore opined that a reasonable hourly rate for work by Daniel Johnson would be as follows: $400.00 for 5.1 hours of work; $420.00 for 18 hours of work; and, $455.00 for 18.1 hours of work. Multiplying the hourly rates times the corresponding number of hours results in a average, or blended, hourly rate of $433.00. Gore Decl. ¶ 13. The same blended rate calculation applies to the hourly rate for hours worked by Hywel Leonard. *Id.*

*Hensley* requires counsel to "exercise 'billing judgment' with respect to hours worked." *Hensley*, 461 U.S. at 437 (quotation in original). The *Hensley* Court placed this burden on counsel not because they "should necessarily be compensated for less than the actual number of hours spent litigating a case, but because the hours [they do] seek compensation for must be reasonable." *City of Riverside v. Rivera*, 477 U.S. 561, 570, 570 n.4 (1986)(plurality). If fee counsels fail to exercise their own billing judgment, courts are obligated to exercise it for them. *ACLU v. Barnes*, 168 F.3d, 423, 428 (11th Cir. 1999). A court must deduct the "excessive, redundant, or otherwise unnecessary" fees under the circumstances of the case, *Hensley*, 461 U.S. at 434, because "it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428; *see also Perkins*, 847 F.2d at 738.

A district court must articulate all of the decisions it makes concerning attorneys' fees and costs, state principled reasons for those decisions, and show any calculations. *Norman*, 836 F.2d at 1304; *Adams v. Mathis*, 752 F.2d 553, 554 (11th Cir. 1985). If the court disallows any claimed hours, it must explain which hours it has disallowed and state reasons why an award of these hours would be improper. *Norman*, 836 F.2d at 1304; *Hill v. Seaboard Coast Line R. Co.*, 767 F.2d 771, 775 (11th Cir. 1985); *Fitzpatrick v. IRS*, 665 F.2d 327, 332-33 (11th Cir. 1982).

Daniel Johnson avers that 114.50 hours of work by the attorneys for WSB in this case "were reasonable and necessary to properly represent" WSB. Johnson Aff. ¶ 7. He submitted a time sheet setting forth the description of the work, the attorney who performed it and the amount of time worked. Doc. No. 113-6 ("Time Sheet"). The United States did not object to specific time worked, other than the time devoted to preparing the motion for summary judgment. The lack of

opposition does not diminish a court's duty to exercise billing judgment and ensure it is not "generous with the money of others." *Barnes*, 168 F.3d at 428; *see also Perkins*, 847 F.2d at 738. I will consider the reasonableness of the time worked by category.

      a.    <u>Time Devoted to the Summary Judgment Motion</u>.

The following time entries relate to preparation of the motion for summary judgment.

| DATE | ATTORNEY[4] | DESCRIPTION | HOURS |
|---|---|---|---|
| 08/22/07 | KLP | Communicated with D. Johnson re Motion for Summary Judgment | .10 |
| 08/28/07 | KLP | Communicated with Dr. Johnson re Motion for Summary Judgment; Analysis of Statutes Affecting Client's Claim of Lien in Preparation for Drafting Motion for Summary Judgment | .20 |
| 08/29/07 | DCJ | Work on Summary Judgment Issues | .50 |
| 08/30/07 | KLP | Research and Analysis of Federal Statutes Affecting Client's Claim of Lien in Preparation For Drafting Motion for Summary Judgment | 1.40 |
| 08/31/07 | KLP | Research and Analysis of Federal Statutes Affecting Client's Claim of Lien in Preparation For Drafting Motion for Summary Judgment | .80 |
| 09/04/07 | KLP | Analysis and Research of Case Law in Preparation for Drafting Motion for Summary Judgment | 4.10 |
| 09/05/07 | KLP | Researched Issues Involving Motion for Summary Judgment and Prepared to Draft Such Motion | .30 |
| 09/09/07 | KLP | Drafting Motion for Summary Judgment | 1.80 |
| 09/10/07 | KLP | Drafted, Researched and Revised Motion for Summary Judgment | 5.50 |

---

[4] The legend for the attorneys are as follows: KLP (Karen L. Persis); DCJ (Daniel C. Johnson); HL (Hywel Leonard).

| | | | |
|---|---|---|---:|
| 09/11/07 | KLP | Drafted and Revised Motion for Summary Judgment and Researched Case Law re Same | 2.20 |
| 09/12/07 | DCJ | Work on Summary Judgment Motion | 1.00 |
| 09/13/07 | KLP | Revised Motion for Summary Judgment | .80 |
| 09/14/07 | KLP | Drafted and Revised Motion for Summary Judgment and Corresponding Affidavit and Communicated with D. Johnson re Same | 3.20 |
| 09/17/07 | KLP | Revised Motion for Summary Judgment | .20 |
| 09/18/07 | KLP | Revised Motion for Summary Judgment and Communicated with D. Johnson re Same | .30 |
| 09/18/07 | HL | Analysis of Case Law on Discretion of Court Regarding Foreclosure in View of Superior Mortgage and Work on Summary Judgment Motion re Same and Discuss Strategy with Dan Johnson | 1.20 |
| 09/18/07 | DCJ | Work on Summary Judgment Motion | 2.20 |
| 09/19/07 | HL | Finalizing Issues Relating to Summary Judgment Motion and Analyze From of Proposed Foreclosure Judgment From IRS | .60 |
| 09/19/07 | DCJ | Work on Summary Judgment Motion | .90 |
| 09/20/07 | DCJ | Work on Summary Judgment Motion | 1.10 |

As discussed above, I recommend that the Court find that attorneys' fees should not be awarded for this work. Accordingly, I recommend that the Court deduct 20.9 hours of work by Persis, 5.7 hours of work by Johnson, and 1.8 hours of work by Leonard.

        b.      <u>Insufficient Description of Work</u>.

"[F]ee counsel bears the burden . . . of supplying the court with specific and detailed evidence" that shows both "the time spent on the different claims, and the general subject matter

of the time expenditures. *Norman*, 836 F.2d at 1303.  The Court may deduct entries that lack the "sufficient particularity" required for the Court to "assess the time claimed for each activity," *Id.*

| DATE | ATTORNEY | DESCRIPTION | HOURS |
|---|---|---|---|
| 01/11/07 | DCJ | Email Ms. Bailey Regarding Case Status | .20 |
| 06/12/07 | KLP | Analysis of Federal Law Regarding [redacted] | 1.00 |
| 06/13/07 | KLP | Analysis of Federal Law Regarding [redacted] | .30 |
| 06/15/07 | KLP | Analysis of Federal Law Regarding [redacted] | 5.40 |
| 02/13/08 | DCJ | Telephone Conference with Mr. Parsell Regarding Potential Reply Memorandum | .20 |

With respect to communications with Ms. Bailey and Mr. Parsell, WSB provided no information about who these individuals are or why the communications were necessary to protect WSB's rights in the Property.  In the other instances, WSB redacted so much of the description of the time worked that it is not possible to assess whether the amount of time devoted to the task was reasonable.[5]  Accordingly, I recommend that the Court reduce the work performed by Persis by 6.7 hours, and the work performed by Johnson by .40 hours.

      c.      <u>Inadequate Documentation</u>.

Under the Eleventh Circuit's rule in *Norman*, 836 F.2d at 1303, discussed above, if the party submits inadequate documentation, the district court may reduce the amount of the award. *Id.*  Johnson avers that WSB "will incur an additional $2,500.00 in preparing this fee application," Johnson Aff. ¶ 3.  Because the amount of time worked in preparing the fee application should have

---

[5] It is unclear why WSB redacted any information from the time sheet in light of the resolution of this case by stipulation before the motion for attorneys' fees was filed.

been recorded before the motion for an award of attorneys' fees was submitted, it should have been a simple matter for WSB to attach an additional time sheet showing the work performed. Having failed to do so, WSB has not presented adequate documentation to support any additional award of attorneys' fees.

I find that the remainder of the hours worked by Daniel Johnson, Hywel Leonard and Karen Persis are reasonable in the absence of objection.

  C. *Lodestar.*

Based on the foregoing recommendations, the lodestar attorneys' fee would be as follows:

| ATTORNEY | HOURLY RATE | HOURS | TOTAL |
|---|---|---|---|
| Hywel Leonard | $455.00 | 1.7 | $773.50 |
| Daniel C. Johnson | $433.00 | 35.1 | $15,198.30 |
| Karen L. Persis | $220.00 | 41.0 | $9,020.00 |
| **TOTAL** | | | **$24,991.80** |

  E. *Costs*.

As noted above, by the terms of paragraph 7 of the Mortgage, WSB is entitled to an award of any amount it had to pay that was necessary to protect its interest in the Property. WSB seeks to recover the following expenses:

| DATE | FEE DESCRIPTION | TOTAL |
|---|---|---|
| | Copying Cost | $198.80 |
| | Fax | $33.00 |
| | Postage | $25.83 |
| | Telephone | $5.40 |
| | Online Computer Services | $4.32 |

| | | |
|---|---|---|
| 9/18/07 | Messenger Charges | $116.27 |
| 7/09/07 | Copying Cost-Vendor: IKON Office Solutions-Copies | $92.50 |
| 6/11-8/30/07 | Westlaw Research | $1,114.94 |
| 10/12/06 | Title Search Fee | $200.00 |
| 10/31/07 | Arbitration/Mediation Services Fee | $687.77 |
| **GRAND TOTAL** | | **$2,478.83** |

The United States does not object to any of the expenses incurred. Because the Mortgage does not limit the reimbursable expenses to statutory costs as set forth in 28 U.S.C. § 1920, I find that all of the expenses, except the Westlaw research charge, are reasonable in the absence of objection.

With respect to the Westlaw research charge, comparison of the dates of the charges with the description of time worked reflects that some of the research likely was performed by Persis either for tasks that were insufficiently described, *see* Time Sheet for KLP work performed on 6/11/07, 6/12/07, 6/13/07, 6/15/07, or related to the preparation of the motion for summary judgment, *see id.* for KLP work performed on 8/30/07, 9/4/07, 9/11/07. Accordingly, I recommend that the Court not award Westlaw research charges incurred between 6/11/07 and 9/11/07, which total $1,088.14. The remaining Westlaw research performed in 2008 appears to have been performed in conjunction with preparation of the final pretrial statement, a document WSB was required to file pursuant to Court order. Therefore, I recommend that the Court award the Westlaw research charge of $26.81 incurred on 1/22/08.

Accordingly, I recommend that the Court reduce the expenses claimed by WSB, as set forth above, by $1,088.14.  This results in a recommended expense award of $1,390.69.

## IV.     RECOMMENDATION.

For the foregoing reasons, I respectfully recommend WSB's Motion for Attorneys' Fees be **GRANTED** in part and **DENIED** in part.  I further recommend that the Court award WSB $24,991.80 in attorneys' fees and $1,390.69 in expenses.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 26, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:

Presiding District Judge and Courtroom Deputy Clerk
Counsel of Record